Before you get into that, there is a new Director of Corrections, isn't there? I know that Charles Ryan is gone, and I did read that someone was chosen. I can't remember who it is. Go ahead with your argument. Okay. First, I want to discuss very briefly the standard of review because it's somewhat fluid from the cases. Arguably, it's an abuse of discretion for this Court to examine District Court's disposition of a 60B motion, but it's also quite clear from the case law, starting with Phelps, that the Court of Appeals in the first instance may on its own review the 60B factors to its own satisfaction. And that was actually done in the Lopez case where Judge McNamee in Phoenix had done a 60B six-factor analysis, and the panel acknowledging that did its own. Here, I would advocate that the Court examine the six factors on its own in sort of a de novo way. So if we do that, why don't you start with delay? Okay. The District Court has six years between Martinez and the motion, three years after he discovered Martinez. Right. Is there any case that even comes close to countenancing that kind of delay? Well, I approach it from a slightly different angle, and that is— The question was, is there a case that says that kind of delay is okay? No. No, there isn't. What this court did, however, was it imputed weight to delay and diligence that is simply not supported by Phelps or any of the other cases which say that there is no particular way to be given to any of the factors. And the reason I papered the court with a ponderous tome of ERs is because I wanted to show that although Mr. Little was late in coming to the District Court, he was anything but lacking in diligence. His diligence reminds me of someone trying to scrub a floor with a toothbrush. He papered the state courts with complaints. But, counsel, in those filings post-Martinez— Yes. As I understand the record, he filed three petitions for post-conviction review, or at least what the state court characterized as petitions for post-conviction review, one in April 2012, one in May 2015, and then one eventually in August of 2015. And in the first two, in April 2012 and in May 2015, there's no mention of Martinez. And then he eventually mentions Martinez in August 2015. So how was he trying to bring a Martinez claim? Right. What he claimed, and I believe it's plausible, he did not learn of Martinez until 2015. But he also said in state court that he learned of it in November 2014. I see that, but I don't see where that is in the record. In any case, Mr. Little, it's either late 2014 or it's 2015. In any case, he brought to the state court the Martinez case within a reasonable time of when he learned it because he believed that he had a duty to exhaust an ineffective assistance of post-conviction relief counsel claim because that's how he lost his first habeas. That was the sting that he was trying to undo. So if that were the case, why did he delay another three years from 2015 to 2018 before filing in federal court? Right. He was exhausting his claim in state court, which he succeeded in doing. But what was he filing in the interim? He filed something in August 2015, and was there anything between then and the 2018 filing? He claims that his 2012 PCR, he never received a ruling, and he complains bitterly to the court that I never received a ruling. And he files another one in 2015 thinking nobody's paying any attention to me. And in that PCR, he raises Martinez, and it takes until 2018 for the court of appeals to make a determination that his claim is dismissed. They affirm that the claim is dismissed, and that's in E.R.'s 384. He finally gets an exhaustion. Then he takes the ---- But the petition that you say or he says he didn't receive a response from April 2012 ---- Yeah. ---- wasn't about Martinez, was it? No. But he was raising in the petition ineffective assistance of trial, PCR counsel, and appellate counsel. He's raising the claims. He's not citing the Martinez. I'll grant you that. The reason I wanted to include the E.R.'s that I did was because it's proper. And I think the respondent's motion to strike is not well taken. Pro per petitioners are exempt from filing E.R.'s, so he had no duty. Typically, it's respondent's duty to provide it to the court. It's necessary for the court to make a resolution because central to the disposition is a conclusion that he was not diligent. And for what they're worth, his State court pleadings show a frenetic diligence. The district court conducted an analysis of all of the factors under Phillips. They did. And ---- He did. And assigned weight and reached a conclusion. Right. So how is that an abuse of discretion if you just simply disagree with how the court considered those factors? I think there's two abuses of discretion working hand in hand. One, the court didn't provide itself or order that the State court record be brought before it. And I rely on that. I rely on Jones v. Wood, which is a Chief Judge Thomas opinion from 1997, decided both under post and pre-AEDPA law that there's a duty of the district court, particularly when it's relevant to the decision, to review the record. And if the court had, it would have seen this diligence manifested by 80, 90 pages of handwritten pleadings that are clear and followable, but clearly the work of one untrained in the law. I wanted to talk about second or successive habeas petitions just for a second, because the Respondent's position, I think, is a straightforward denial of the holding in Gonzalez. This was a dismissal based on a procedural default. Ipso facto, it's not a second or successive petition. Well, it did seem to raise at least two new theories. Wouldn't you agree? Well, the theory itself, the theory in toto. Right, but there are two components of the theory that are new. There may be, I don't know what you're thinking of, Judge, so forgive me, but the claim was ineffective assistance at trial in PCR counsel, in all its manifestations. No matter what factual basis Mr. Little was going to bring to the court, he couldn't. Because he should have brought it in his first PCR, he was procedurally defaulted. There was no analysis of the factual basis that he was raising. So I think that's a red herring. The claim, in all its manifestations, was procedurally defaulted. So we don't have to get into that hair splitting of whether the motion for reconsideration conforms perfectly to any of his PCR work. I just don't think that's necessary. Finally, diligence and delay. My view is there's absolutely no legal support for the disproportionate weight given to delay and diligence in this case, particularly if one is guided by the very moving rhetoric of the late Justice Reinhart in Phelps, where he three times reminds us all that 60B is a font of equitable power to be used to do justice whenever such application is appropriate to accomplish justice. My view is, had the district court been concerned, as it should be with that, it would have taken the time to at least order up the state court record for review and seen that, although misguided, this guy was not sitting on his hands. He was doing the best he can under the circumstances, and he blew it. And that's not surprising. He's pro puri, he's uneducated. My time is out. I had hoped to reserve a minute of rebuttal. We'll give you a minute. We'll see what we got. Thank you. Good morning. May it please the Court, Lindley Wilson, Assistant Attorney General, representing respondents in this matter. The district court did not abuse its discretion when it denied Little's motion to reopen under 60B-6 with respect to the two ineffective assistance of counsel claims that he did raise in his initial habeas petition. As the other five claims of ineffective assistance of counsel presented in his motion to reopen, this court should deem that as a second or successive petition and hold the district court-lacked jurisdiction to consider those new substantive federal claims. Does he get any credit in assessing whether the delay here didn't meet the exceptional circumstances or the effort to exhaust his state court remedies? No, I don't. The law does not support an argument or a claim that diligence or delay is measured by futile attempts to raise a claim like this, a Martinez claim in state courts, where Martinez says very explicitly that the question in that case is whether a federal habeas court may excuse a procedural default of an IAC claim when the claim was not presented in state court. And so by the terms of Martinez itself, it put Mr. Little on notice that if he sought to reopen his habeas judgment, he should go immediately to federal court. And so by any measure of diligence or delay in this case, it was not diligent, and this is an extremely long time period when we're looking at a delay as well, which is measured from the time of finality of the habeas judgment to the time that he sought to reopen that, which is a little over nine years here. Well, nine years from the finality of his habeas. Right. But on the day that his habeas was final, Martinez had yet to be decided, correct? Correct. And does the state get any discredit, if you will, for delaying his efforts in state court? It did take some time. I don't think the state takes any discredit from however long his efforts in state. I didn't mean to invent a war. Yeah, no. For however long his efforts in state court took, because, again, if we look at Phelps, for example, that was a case where this Court recognized extreme diligence on the part of the Petitioner. And one of the most notable things that the Petitioner did was that he pressed all possible avenues of relief. And so he was filing his claims in a procedurally appropriate manner as well. So here, that is in stark contrast to attempts to raise a Martinez-type claim in state court when it was still three years after he claims to have even learned of Martinez. And so by any measure, if we look at that. But normally in habeas, the rule would be you have to exhaust, right? Ordinarily, it would. Yes, yes. And so he's following what he thinks is the ordinary path, and he's being diligent about it. Why doesn't he get some credit for that in terms of assessing diligence? I think when we're looking at Rule 60B, it should, first of all, be used in rare circumstances in the habeas context. And so we start with that principle. And then when we look at the Phelps factors, again, even going back to the diligence that was exhibited in Phelps, it's an objective standard. And so I think it would be dangerous to now start viewing diligence as a subjective measure of what the defendant believed that he should do at the time. But objectively, he was being diligent. This is not a case where he's not doing anything. I mean, that's where we usually come down on diligence is that there's a long period of time in which the petitioner is not doing anything. But here he's pursuing a futile remedy. And in fact, of course, when you exhaust claims and then go to federal court, it means you've lost them in state court on the merits. So arguably, everything is they would be pursuing a futile claim. So why doesn't he get some credit for that in terms of a diligence analysis? I think he doesn't because if we look at the type of claim that he alleges reopened his habeas, it all comes back to Martinez and what does Martinez actually establish and where should he go then at the next step to reopen his very old habeas judgment. And a helpful analogy, I think, for all of this might be in PACE, the United States Supreme Court's decision that deals with equitable tolling and where diligence is also a requirement under that framework. And even under PACE, pro se prisoners who may be unsure, not sure what to do about whether their state court filings are going to be deemed timely or untimely, the Supreme Court said a prisoner might avoid this predicament by filing a protective petition in federal court. And so nothing stopped him from pursuing his remedies, all avenues of relief under state and federal court. And so I think looking at it in terms of what the Supreme Court said in PACE, by those same measures here, this is not diligence. Of course, the irony of this is that the reason he needed Martinez anyway is because he had procedurally defaulted in state court. And so now he's saying, okay, I've got my lesson this time. I've got to go back to state court so I'm not procedurally defaulted again. This isn't in his thinking. I don't know him, but, I mean, it's not illogical. Well, I think, again, just rereading Martinez v. Ryan does establish that under these circumstances, which he's well aware because he was procedurally defaulted in federal court, then the plain language of Martinez itself says you should go back to federal court because there your procedural default might be excused for ineffective assistance of counsel. Well, when we're considering the petitioner's diligence, is it fair to consider what resources were available to him, including any guidance that might have been available in the prison library about Martinez' claims? I think so. And that's why we've argued that whether you look at the conduct since Martinez was decided or since the time he learned of it, still, even according to his own filings, he was aware of Martinez as early as, I believe, early 2015. And then his motion to reopen was not filed until January 2018. So it's still a three-year delay. And so even measured by that timeframe, that's not diligent. If the Court has no further questions, we request that this Court affirm the District Court's order. Thank you, Counsel. Thank you. We'll give you a minute. You can put a minute on the clock. Thank you for the kindness, Your Honor. The State had, or Respondents had conceded that a remand for expansion of the record was not objectionable to them, which is contrary to the last statement made by Learned Counsel. I want to get back to this notion of parsing out the claim that he raised in one forum and comparing it to a claim in another forum. As I say, that's a red herring because — and it doesn't establish that the second petition is a second or successive habeas. The linchpin of whether one is filing a second or successive habeas is whether the first one was dismissed on procedural grounds. That's the only thing one needs to be concerned about. And Judge Thomas, or maybe it was Judge Hawkins, pardon me, the State, as far as I'm concerned, as far as I remember, never alerted Mr. Little in State court that he was bringing his Martinez claim in the wrong forum. That would have been helpful to him. He may have been able to get to the federal court quicker. That's all I have. Thank you very much. Thank you. Thank you both for your arguments. The case has argued to be submitted for decision.
judges: Thomas, Hawkins, Bade